## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM S. THORPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-1043 |
| | ) | |
| WARDEN, FCI GREENVILLE, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>O R D E R</u>

Before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28
U.S.C. § 2241 filed by Petitioner, William S. Thorpe, on February 22, 2010 (Doc. 1).
The Petition is DISMISSED WITH PREJUDICE.

Petitioner was sentenced by this Court on December 15, 2008 after pleading
guilty to attempted possession of cocaine base with intent to distribute and
possession of a firearm in furtherance of a drug trafficking crime (08-cr-10027-1).
In the Petition before the Court, Petitioner seeks either an "order dismissing his
case" or a reduction in sentence.  Petitioner claims he is actually innocent and also
argues that his sentence should be reduced pursuant to <u>Kimbrough v. United
States</u>, 552 U.S. 85 (2007).[1]  Apparently, Petitioner is under the erroneous notion
that <u>Kimbrough</u> voided or somehow extinguished the 100 to 1 crack cocaine to
powder cocaine ratio embodied in the U.S. Sentencing Guidelines for crack cocaine

---

[1] This petition, although lengthy, includes only two "issues," actual innocence and
that "Petition [sic] sentence is illegal pursuant to the crack ratio."

offenses.  Petitioner also erroneously believes that the 1 to 1 ratio adopted by the

district court in United States v. Gully, 619 F.Supp.2d 633 (N.D. Iowa 2009) and

United States v. Lewis, 623 F.Supp.2d 42 (D.D.C. 2009) and endorsed by the Office

of the United Stats Attorney General is now the applicable ratio to be used in

sentencing "crack cocaine" offenders.

Title 28 U.S.C. § 2255 grants Petitioner an opportunity to "move the court

which imposed the sentence to vacate, set aside, or correct the sentence."  Such a

Motion must be filed within a year after the judgment of conviction becomes final.

28 U.S.C. § 2255(f).[2]  The Court notes that Petitioner did not file a direct appeal of

his sentence and conviction nor has he filed a § 2255 Motion.[3]  Section 2255 is

ordinarily "the exclusive means for a federal prisoner to attack his conviction."

Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Section 2255(e) further

provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall
> not be entertained if it appears that the applicant has failed to apply
> for relief, by motion, to the court which sentenced him, or that such
> court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

As explained in Taylor v. Gilkey, 314 F.3d 832 (7th Cir. 2002): "§ 2255 is

'inadequate or ineffective' only when a structural problem in § 2255 forecloses even

one round of effective collateral review- and then only when [] the claim being

---

[2] The remaining portions of the code do not seem to apply to this case.

[3] This § 2241 Petition will not be converted into a § 2255 Motion.  Collins v. Holinka, 510 F.3d 666 (7th Cir. 2007) (per curiam) (holding that a § 2241 Petition should not be converted into an action under § 2255)

foreclosed is one of actual innocence." Id. at 835-836; See also In re Davenport, 147

F.3d 605 (7th Cir. 1988).  Thus, a § 2241 Petition challenging a federal conviction

and sentence will not be entertained unless Petitioner can show that the § 2255(e)

"savings clause" quoted above applies.

Petitioner must show, then, that his argument relies on a change in law that

would postdate a § 2255 Motion (or in this case, postdates the deadline for filing

such a motion) and that his "theory supports a non-frivolous claim of actual

innocence." Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  The Petition, while

lengthy, fails to meet this burden.  Petitioner has cited to no case authority, that

would post-date a § 2255 Petition, that grants him any relief.  He also has not made

a non-frivolous argument of actual innocence.  Rather, it is clear from the Petition

that he is merely seeking a reduction in sentence based upon his erroneous view of

the Sentencing Guidelines.  Such an argument does not render § 2255 inadequate or

ineffective to test the legality of his sentence.  Therefore this habeas corpus petition

will not be entertained.


Entered this 23rd day of February, 2010



                                                    s/ Joe B. McDade
                                                    JOE BILLY MCDADE
                                                    United States District Judge