**E-FILED**
Wednesday, 24 February, 2010  08:24:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM S. THORPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1043 |
| ) | |
| WARDEN, FCI GREENVILLE, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, William S. Thorpe, on February 22, 2010 (Doc. 1). The Petition is DISMISSED WITH PREJUDICE.

Petitioner was sentenced by this Court on December 15, 2008 after pleading guilty to attempted possession of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime (08-cr-10027-1). In the Petition before the Court, Petitioner seeks either an "order dismissing his case" or a reduction in sentence. Petitioner claims he is actually innocent and also argues that his sentence should be reduced pursuant to Kimbrough v. United States, 552 U.S. 85 (2007).[1] Apparently, Petitioner is under the erroneous notion that Kimbrough voided or somehow extinguished the 100 to 1 crack cocaine to powder cocaine ratio embodied in the U.S. Sentencing Guidelines for crack cocaine

---

[1] This petition, although lengthy, includes only two "issues," actual innocence and that "Petition [sic] sentence is illegal pursuant to the crack ratio."

offenses.  Petitioner also erroneously believes that the 1 to 1 ratio adopted by the district court in <u>United States v. Gully</u>, 619 F.Supp.2d 633 (N.D. Iowa 2009) and <u>United States v. Lewis</u>, 623 F.Supp.2d 42 (D.D.C. 2009) and endorsed by the Office of the United Stats Attorney General is now the applicable ratio to be used in sentencing "crack cocaine" offenders.

Title 28 U.S.C. § 2255 grants Petitioner an opportunity to "move the court which imposed the sentence to vacate, set aside, or correct the sentence."  Such a Motion must be filed within a year after the judgment of conviction becomes final.  28 U.S.C. § 2255(f).[2]  The Court notes that Petitioner did not file a direct appeal of his sentence and conviction nor has he filed a § 2255 Motion.[3]  Section 2255 is ordinarily "the exclusive means for a federal prisoner to attack his conviction."  <u>Kramer v.</u> Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Section 2255(e) further provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

As explained in <u>Taylor v. Gilkey</u>, 314 F.3d 832 (7th Cir. 2002): "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review- and then only when [] the claim being

---

[2] The remaining portions of the code do not seem to apply to this case.

[3] This § 2241 Petition will not be converted into a § 2255 Motion.  <u>Collins v. Holinka</u>, 510 F.3d 666 (7th Cir. 2007) (per curiam) (holding that a § 2241 Petition should not be converted into an action under § 2255)

foreclosed is one of actual innocence." Id. at 835-836; See also In re Davenport, 147 F.3d 605 (7th Cir. 1988).  Thus, a § 2241 Petition challenging a federal conviction and sentence will not be entertained unless Petitioner can show that the § 2255(e) "savings clause" quoted above applies.

Petitioner must show, then, that his argument relies on a change in law that would postdate a § 2255 Motion (or in this case, postdates the deadline for filing such a motion) and that his "theory supports a non-frivolous claim of actual innocence." Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  The Petition, while lengthy, fails to meet this burden.  Petitioner has cited to no case authority, that would post-date a § 2255 Petition, that grants him any relief.  He also has not made a non-frivolous argument of actual innocence.  Rather, it is clear from the Petition that he is merely seeking a reduction in sentence based upon his erroneous view of the Sentencing Guidelines.  Such an argument does not render § 2255 inadequate or ineffective to test the legality of his sentence.  Therefore this habeas corpus petition will not be entertained.

Entered this 23rd day of February, 2010

                                            s/ Joe B. McDade
                                            JOE BILLY MCDADE
                                          United States District Judge